UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EARL T. HAMAAS,

           Plaintiff,

v.                                  Case No. 3:05-cv-771-J-99HTS

STATE OF FLORIDA,
et al.,

           Defendants.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, a former inmate of the Duval County Detention Center who is proceeding pro se and in forma pauperis, initiated this cause of action by filing a Civil Rights Complaint Form (Doc. #1) (hereinafter Complaint) pursuant to 42 U.S.C. § 1983 on August 12, 2005. Plaintiff names the following Defendants in this action: (1) the State of Florida; (2) Duval County; and, (3) Chief Judge John A. Moran. Although the allegations in the Complaint are somewhat unclear, it appears that Plaintiff is claiming he was falsely imprisoned, subjected to excessive bail, provided "false representation" by the public defender's office, and that the state court ignored his pro se pleadings. Complaint at 9.

Plaintiff seeks to proceed in this action in forma pauperis. Thus, despite the fact that Plaintiff is no longer incarcerated, the Court is required to review the Complaint to determine whether it is frivolous, malicious or fails to state a claim. See 28

U.S.C. § 1915(e)(2)(B)(I)-(iii).[1] The Court, nonetheless, must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972), reh'g denied 405 U.S. 948 (1972); see also Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981).

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001). A complaint which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Bilal v. Driver, 251 F.3d at 1349.

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state

---

[1] Clearly, 28 U.S.C. § 1915(e)(2)(B) is not limited to prisoners, but applies to all persons proceeding in forma pauperis. See Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002) (per curiam) (finding that the district court did not err in dismissing a § 1983 complaint under the in forma pauperis statute for failure to state a claim, where the complaint challenging the conditions of confinement of a civilly committed detainee failed to assert facts regarding each particular defendant's involvement in the alleged violations).

> law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912-13, 68 L.Ed.2d 420 (1981), overruled on other grounds by, Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); Burch v. Apalachee Community Mental Health Services, Inc., 840 F.2d 797, 800 (11th Cir. 1988), aff'd by, Zinermon v. Burch, 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990).

Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir.), reh'g and suggestion for reh'g en banc denied, 98 F.3d 1355 (11th Cir. 1996); Hale v. Tallapoosa County, 50 F.3d 1579 (11th Cir. 1995). In addition, plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh v. Butler County, Ala., 268 F.3d at 1059; Swint v. City of Wadley, Ala., 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

"Although the Supreme Court has held that counties (and other local government entities) are 'persons' within the scope of § 1983, and subject to liability, [Plaintiff] cannot rely upon the theory of respondeat superior to hold the County liable." McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004) (footnote and citations omitted). "It is only when the 'execution of the government's policy or custom . . . inflicts the injury' that the [county] may be held liable." Id. (quoting City of Canton v. Harris, 489 U.S. 378, 385 (1989)). Here, Plaintiff alleges that

the management of the court system in Duval County results in constitutional violations against himself and others; however, he does not allege any causal connection between any policy or custom of Duval County and a constitutional deprivation.

Additionally, insofar as Plaintiff may wish to seek damages from the State of Florida, such damages are barred by the Eleventh Amendment.

> It is well established that the eleventh amendment immunizes an unconsenting state from suits brought in federal court by its citizens and citizens of other states. . . .
>
> It is clear that Congress did not intend to abrogate a state's eleventh amendment immunity in section 1983 damage suits. Quern v. Jordan, 440 U.S. 332, 340-45, 99 S.Ct. 1139, 1144-45, 59 L.Ed.2d 358 (1979). Furthermore, after reviewing specific provisions of the Florida statutes, we recently concluded that Florida's limited waiver of sovereign immunity was not intended to encompass section 1983 suits for damages. See Gamble, 779 F.2d at 1513-20.

Zatler v. Wainwright, 802 F.2d 397 (11th Cir. 1986) (per curium) (footnote omitted).

Judges are also absolutely immune from damages for those acts taken while they are acting in their judicial capacity, provided such acts are not done in clear absence of all jurisdiction. Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000); Simmons v. Conger, 86 F.3d 1080, 1084-85 (11th Cir. 1996). This immunity applies even if the judge's acts are in error, malicious, or were in excess of

his jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356 (1978). Because Plaintiff challenges the actions taken by Defendant Moran while he was conducting judicial proceedings, it is clear he is absolutely immune from suit in performing these judicial responsibilities. Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (citations omitted), cert. denied, 503 U.S. 921 (1992). Therefore, insofar as Plaintiff seeks damages from this judicial officer, his claim is "completely without a legal basis." Id.

Furthermore, to the extent Plaintiff may be claiming that he was subjected to malicious prosecution, his action is premature. In Heck v. Humphrey, 512 U.S. 477, 489 (1994) (footnote and citations omitted), the United States Supreme Court stated that a § 1983 cause of action "attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."

> Further, in order to state a cause of action for malicious prosecution, a plaintiff must allege and prove that the criminal proceeding that gives rise to the action has terminated in favor of the accused. See Kelly v. Serna, 87 F.3d at 1240-41; Heck v. Humphrey, 512 U.S. 477, 484, 114 S.Ct. 2364, 2371, 129 L.Ed.2d 383 (1994) ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused.").

Uboh v. Reno, 141 F.3d 1000, 1004 (11th Cir. 1998). Here, Plaintiff has not alleged that the criminal proceedings have terminated in his favor. Therefore, he has failed to state a claim

upon which relief may be granted at this time with respect to this claim.

Plaintiff also requests relief that is barred by the abstention doctrine and the comity between the states and the federal government. He seeks an injunction barring "further prosecution of the plaintiff under Duval County['s] defective judicial system." Complaint at 10. Plaintiff also requests that the Duval County judicial system "be brought under federal management and jurisdiction until such time this Court is satisfied that the Duval County Circuit Court system returns to constitutional mandates as required." Id.

"Federal courts should abstain from exercising their jurisdiction if doing so would 'disregard the comity between the States and the National Government.'" Wexler v. Lepore, 385 F.3d 1336, 1339 (11th Cir. 2004) (per curiam) (quoting Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 11 (1987)).

> [T]he [abstention] doctrine usually applies in cases involving criminal prosecution or the criminal justice system. See, e.g., Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 608-9, 46 L.Ed.2d 561 (1976) (reversing lower court's decision to "[inject] itself by injunctive decree into the internal disciplinary affairs" of municipal and police agencies); O'Shea v. Littleton, 414 U.S. 488, 94 S.Ct. 669, 678, 38 L.Ed.2d 674 (1974) (rejecting challenge to state criminal justice system "aimed at controlling or preventing the occurrence of specific events that might take place in the course of future state criminal trials"); Luckey v. Miller, 976 F.2d 673, 677-78 (11th

>    Cir. 1992) (abstaining from attempt to
>    "restrain every indigent prosecution and
>    contest every indigent conviction until the
>    systemic improvements [plaintiffs] seek are in
>    place"). . . .

Wexler, 385 F.3d at 1339. Clearly, Plaintiff's requests for relief in this case are barred by the doctrines of abstention and comity.

Thus, for all of the above-stated reasons, this case will be dismissed without prejudice.[2]

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.   This case is **DISMISSED WITHOUT PREJUDICE.**

2.   The Clerk of the Court shall enter judgment dismissing this case without prejudice, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this ___22-0___ day of August, 2005.

_____
UNITED STATES DISTRICT JUDGE

ps 8/19
c:
Earl T. Hamaas

---

[2] The Eleventh Circuit has found that a district court should not dismiss a complaint filed by a non-prisoner for failure to state a claim under the in forma pauperis statute without allowing leave to amend when required by Fed. R. Civ. P. 15(a). See Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002) (per curiam). "[H]owever, a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." Hall v. United Ins. Co. of America, 367 F.3d 1255, 1262 (11th Cir. 2004) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Given the nature of Plaintiff's claims, this Court is convinced that any amendment would be futile.